

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin. TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
ston, TX. 77002-3111
/ ,ɔ/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

October 16, 1984

Mr. Robert O. Viterna
Executive Director
Texas Commission on Jail Standards
P. O. Box 12985
Austin, Texas   78711

Opinion No. JM-212

Re:  Authority of the Texas Commission on Jail Standards over a county work release facility

Dear Mr. Viterna:

You have requested our opinion regarding the jurisdiction of the Texas Commission on Jail Standards over a work release facility operated by the county and district judge but not by the sheriff. You have also asked whether your agency has jurisdiction over facilities operated by the sheriff or operated by others under contract with the county to hold persons committed to the custody of the sheriff. You have stated that recent legislation authorizes the establishment of work release programs in the various counties under the supervision of the sheriff. However, you state that one county proposes a work release program operated by the district and county court whereby the prisoners are released from the sheriff's custody by court order and housed in facilities supervised by the courts.

The Texas Commission on Jail Standards is established by article 5115.1, V.T.C.S. The commission has authority to promulgate rules and regulations regarding the construction, maintenance, and operation of county jails and the standard of care in the treatment of prisoners. A "county jail" is defined as follows:

> Any jail, lock-up, or other facility that is operated by or for a county for the confinement of persons accused or convicted of an offense.

V.T.C.S. art. 5115.1, §2(3). We believe that it is very clear that the Texas Commission on Jail Standards has jurisdiction over confinement facilities operated by the sheriff or operated by others under contract with the county. A city jail, for example, housing county prisoners pursuant to interlocal contract is subject to the state standards for law enforcement officer training and education. Attorney General Opinion MW-328 (1981). Facilities separate and apart from the county jail itself, if they are used for the confinement of prisoners, are also subject to the commission's jurisdiction. Attorney General Opinion MW-559 (1982). Counties, as of 1983, have

express authority to contract with private organizations, with the approval of the sheriff, for the operation of a low-risk detention facility.  V.T.C.S. art. 5115d.

Persons convicted and committed to jail may be entitled to participate in a work release program if a judge so provides in the sentence.  Code Crim. Proc. art. 42.03, §§5, 6.  The convicted person is ordered confined during his off work hours and on weekends.  Except in cases where probation has been granted, we do not believe that a sentence of confinement may order a person to be detained or confined in non-jail facilities not operated by the sheriff or under his supervision.

We do not believe that the district or county judges have authority to operate a detention facility.  The only penal punishments authorized by the Penal Code are the assessment of a fine or confinement in a county jail or the Texas Department of Corrections.  See Penal Code, §12.01 (punishments).  However, as of 1983, a judge may sentence persons convicted of third degree felonies or offenses punishable by county jail confinement to serve "an alternate term for the same period of time in the county jail work release program."  Code Crim. Proc. art. 42.03, §6(a).  A county jail work release program is not defined by the statute.  Any person sentenced to the county jail work release program pursuant to article 42.03, section 6 of the Code of Criminal Procedure, may have employment secured for him by the county sheriff.  V.T.C.S. art. 5118b.  Any person who is participating in a county work release program is required by article 5118b, section 2, to remain confined in the county jail or other facility designated by the sheriff at all times except during periods of employment.  We believe that this requirement precludes the county judge or district judge from operating or maintaining any work release facility not under the supervision of the county sheriff.

## S U M M A R Y

The Texas Commission on Jail Standards has supervision over facilities used for the confinement of prisoners on a work release program.  The district and county court does not have authority to operate such facilities independent of the county sheriff.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

p. 955

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton